Garrett Charity, Esq.
Garrett.Charity@MccarthyLawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN JOHN MARTIN,<br><br>  Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK, N.A.; and EQUIFAX INFORMATION SERVICES LLC<br><br>  Defendants. | Case No.: 5:22-cv-1981<br><br>**Complaint for Damages:**<br>1. Violation of Fair Credit Reporting Act<br>2. Violation of California Rosenthal Fair Debt Collection Credit Practices Act |

Plaintiff, John John Martin, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.   INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA"), and the California Rosenthal Fair Debt Collection Credit Practices Act ("RFDCPA") whereby Plaintiff discovered inaccurate information reporting on his consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.   PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of

the County of Riverside, California.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

4. Plaintiff is an alleged "debtor" as defined by Cal. Civ. Code § 1788.2(h).

5. Defendant, Credit One Bank, N.A. ("Credit One") is and at all times relevant hereto was, a lending institution regularly doing business in the State of California.

6. At all times pertinent hereto, Defendant Credit One is a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

7. Defendant, Credit One, is a "person" as that term is defined in Cal. Civ. Code § 1788.2(g).

8. Defendant, Credit One, was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

9. Defendant, Credit One, is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal Civ. Code § 1788.2(c).

10. Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in California.

11. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of California.

12. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

13. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

14. At all times pertinent hereto, Defendant Equifax was a "person" and

"consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f) and Cal. Civ. Code § 1788.2(g).

### III. JURISDICTION AND VENUE

15. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

16. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Riverside County, California and Defendants do business in California.

17. Personal jurisdiction exists over Defendants as Plaintiff resides in California, Defendants have the necessary minimum contacts with the state of California, and this suit arises out of specific conduct with Plaintiff in California.

### IV. FACTUAL ALLEGATIONS

18. At relevant times, Plaintiffs were allegedly obligated to pay a debt to an original creditor Credit One (the "Debt").

19. The Debt arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

20. Credit One regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or once asserted to be owed or due, another.

21. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Credit One and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

22. Equifax, Experian, and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

23. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

24. Equifax has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of

"maximum possible accuracy." 15 U.S.C. §1681e(b).

25. Plaintiff discovered a Credit One account # 444796233034**** (the "Account") reporting on his Equifax credit report in error.

26. The Account reports a late balance due and owing with a derogatory status.

27. The Plaintiff has paid this Account in full, and the Account is $0.

28. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates her credit utilization.

## PLAINTIFF'S WRITTEN DISPUTE

29. On or about August 19, 2022, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

30. Upon information and belief, Equifax forwarded Plaintiff's Equifax Dispute to Defendant Credit One.

31. Upon information and belief, Credit One received notification of Plaintiff's Equifax Dispute from Equifax.

32. Upon information and belief, Credit One verified the erroneous information associated with the Account to Equifax.

33. Credit One failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

34. Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

35. Upon information and belief, Credit One failed to instruct Equifax to remove the false information regarding the Account reporting on Plaintiff's

consumer reports.

36. Equifax employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Equifax Dispute.

37. At no point after receiving the Equifax Dispute did Credit One, or Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Equifax Dispute.

38. Equifax relied on their own judgment and the information provided to them by Credit One rather than grant credence to the information provided by Plaintiff.

## COUNT I – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

39. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

40. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

41. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

42. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

43. Defendant Equifax's conduct, action, and inaction were willful,

rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

44. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

45. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

46. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

47. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

48. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

49. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

50. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

51. In the alternative, Defendant Equifax was negligent, entitling

Plaintiff to recover damages under 15 U.S.C. §1681o.

52. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – CREDIT ONE
### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

53. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

54. After receiving the Dispute Letters, Credit One failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

55. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Credit One's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Credit One's representations to consumer credit reporting agencies, among other unlawful conduct.

56. As a result of this conduct, action, and inaction of Defendant Credit One, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

57. Defendant Credit One's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

58. In the alternative, Defendant Credit One was negligent, entitling

Plaintiff to recover damages under 15 U.S.C. §1681o.

59. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Credit One pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT IV – Credit One
### Rosenthal Fair Debt Collection Practices Act – Cal Civ. Code § 1788.17

60. Plaintiffs re-allege and reaffirm the above paragraphs as though fully set forth herein.

61. Credit One violated the RFDCPA at Cal. Civ. Code § 1788.17 as a debt collector collecting or attempting to collect a consumer debt and failing to comply with the provisions of Sections § 1692e(2)(a) and § 1692e(8), inclusive, of, and shall be subject to the remedies in Section § 1692k of, Title 15 of the United States Code.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Credit One for noncompliance of the Rosenthal Fair Debt Collection Practices Act and seeks remedies as defined by Cal. Civ. Code § 1788.30 and demands:

  A.  Adjudging that Credit One violated Cal. Civ. Code § 1788.17;

  B.  Statutory damages, pursuant to Cal. Civ. Code § 1788.30b, in the amount of $1,000.00;

  C.  Actual damages to be proven at trial, pursuant to Cal. Civ. Code § 1788.30a;

  D.  The costs of instituting this action together with reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30c;

  E.  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted November 9, 2022

                                    MCCARTHY LAW, PLC

                                    */s/Garrett Charity*
                                    Garrett Charity, Esq.
                                    McCarthy Law, PLC
                                    4250 North Drinkwater Blvd, Suite 320
                                    Scottsdale, AZ  85251
                                    Telephone: (602) 456-8900
                                    Fax: (602) 218-4447
                                    Garrett.Charity@mccarthylawyer.com
                                    Attorney for Plaintiff